Julie McMahon
The Post-Standard | Syracuse.com
220 S. Warren St.
Syracuse, NY 13202
jmcmahon@syracuse.com
C: 315-412-1992

Jan. 5, 2018

Hon. Thomas McAvoy
U.S. District Court Judge
U.S. District Court, Northern District of New York
15 Henry St.
Binghamton, NY 13901

      Re:    **Pasiak v. Onondaga Community College, et al.**
                **Civil Action No. 6:16cv-1376 (TJM/TWD)**

Dear Judge McAvoy:

I am a news reporter employed by The Post-Standard and Syracuse.com. I am writing on behalf of our news organization to ask you to rescind a confidentiality order in the case of *Pasiak v. Onondaga Community College,* over which you preside.

It is our position that the confidentiality order signed by Magistrate Judge Thérèse Wiley Dancks on Dec. 11, 2017 contradicts New York State's Freedom of Information Law, and violates the public's right to know what a taxpayer-funded institution is doing with public money.

Please consider rescinding the order and allowing the parties to disclose terms of the settlement for the following reasons:

(1) *OCC is a public institution and the public has a right to know what it and its officers do with taxpayer resources.* The gag order is incompatible with the state's public information law, to which OCC is subject, as well as case law involving FOIL, which has clearly established that public bodies must disclose agreements upon receipt of a FOIL request.

Further, such an order flies in the face of the spirit of not only freedom of information laws, but all governmental functions. Not only does the case involve taxpayer funds, but also matters of public importance, including the functions of OCC, its recruitment practices, employee's rights and racial issues in education. OCC should be leading a conversation about the settlement. Instead, upon receipt of a Freedom of Information Law request from The Post-Standard (attached), OCC asked your court for a gag order.

(2) *The confidentiality order constitutes an unnecessary closure of open court.* In addition to state law granting the public a constitutional right to information about government functions, judicial proceedings are by law open to the public and the public has the right to gain access to

most records maintained by the court. The confidentiality order was issued without a public hearing and created an undue exception to this right. No explanation was offered as to why the court took extraordinary steps to shield the public from these proceedings.

(3) *The gag order creates a dangerous precedent*. As a matter of routine, The Post-Standard reports court settlements involving municipalities. Recently, we wrote about the settlement of *Hulett v. City of Syracuse, et al.* (Case # 5:14cv152).

Had the City of Syracuse sought and obtained a confidentiality order in that case, residents would not have been able to learn that the city agreed to pay $2 million to a plaintiff.

Confidentiality orders such as the one in *Pasiak* take the extraordinary step of preventing public officials from telling constituents basic information about how their tax dollars are spent. If the court signs off on this type of order, it is creating an environment – and even a legal avenue – in which municipalities can seek, obtain and use federal orders to violate state laws.

We are asking the court to release and/or unseal the settlement agreement and terms of the settlement. We are also seeking a reversal of the confidentiality order which bars the *parties from* discussing or disclosing the settlement agreement.

Should the court deny our request, we would ask that the reasons for denial be stated on the record. We believe the public also has the right to know why such an extraordinary measure to keep the settlement secret is valid and reasonable under federal law.

If this request is denied, our news organization would like the opportunity for our counsel and others to advocate for taxpayers. I can be reached at (315) 412-1992 to discuss this or anything else further.

Thank you for your time and consideration in this matter.

                                    Truly yours,

                                    Julie McMahon
                                    Reporter, Post-Standard

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID PASIAK,

                Plaintiff,

v.

ONONDAGA COMMUNITY COLLEGE,
KATHLEEN CRABILL and DAVID MURPHY,

                Defendants.

**CONFIDENTIALITY STIPULATION AND ORDER**

Civil Action No.
6:16-CV-1376 (TJM-TWD)

**WHEREAS**, at a confidential Court supervised settlement conference on September 28, 2017, the Parties agreed to resolve all claims by Plaintiff against Defendants;

**WHEREAS**, the Parties recognize that United States District Court, Northern District of New York rules specify that settlement negotiations are confidential and private and that the information exchanged by the Parties during such negotiations are privileged and confidential;

**WHEREAS**, because maintaining confidentiality of the settlement discussions, documents prepared in aid of settlement, drafts of any settlement related agreements between the parties and the agreements themselves were integral to the resolution and settlement of this action, good cause exists for the entry of this Confidentiality Stipulation and Order;

**THEREFORE, THE UNDERSIGNED PARTIES STIPULATE AND AGREE** that they will not disclose any information exchanged by the parties to this action or provided to the Court in connection with the settlement negotiations and will not disclose any

3029858.1

settlement related agreement, drafts thereof, or the terms or any of the conditions of any settlement related agreement to any non-party with the exception of their attorneys, and tax advisors, and in the case of Plaintiff, his immediate family, or as required by a valid court order. In response to any inquiry about the settlement of Plaintiff's claims against Defendants, the Parties may state only that they reached a mutually satisfactory resolution of the matter.

Dated: December 4, 2017

| **SAUNDERS KAHLER, L.L.P.** | **BOND, SCHOENECK & KING, PLLC** |
|---|---|
| By: /s/ Merritt S. Locke | By: /s/ |
| Merritt S. Locke, Esq. | Kristen E. Smith, Esq. |
| Bar Roll No. 507164 | Bar Roll No. 513756 |
| *Attorneys for Plaintiff* | Brian J. Butler, Esq. |
| 185 Genesee Street, Suite 1400 | Bar Roll No. 510105 |
| Utica, New York 13501-2194 | *Attorneys for Defendants* |
| Telephone: (315) 733-0419 | One Lincoln Center |
| Email: mlocke@saunderskahler.com | Syracuse, New York 13202-1355 |
| | Telephone: (315) 218-8000 |
| | Email: ksmith@bsk.com |
| | Email: bbutler@bsk.com |

IT IS SO ORDERED:

/s/ Thérèse Wiley Dancks
Thérèse Wiley Dancks
U.S. Magistrate Judge

Dated: December 11, 2017
       Syracuse, NY

3029856.1

Oct. 3, 2017

Julie Hart
Onondaga Community College
4585 West Seneca Turnpike
Syracuse, N.Y. 13215

Re: Freedom of Information Law Request

Dear Records Officer:

Under the provisions of the New York Freedom of Information Law, Article 6 of the Public Officers Law, I hereby request records or portions thereof pertaining to:
- The settlement agreement between Onondaga Community College and David Pasiak, former head basketball coach. Any documents or correspondence related to the settlement of *Pasiak v Onondaga Community College et al*, case #6:16cv-1376.
- Check registers or other records of payments made to Pasiak in 2017.
- Minutes and agendas from Board of Trustees meetings in which the lawsuit was discussed.

If my request appears to be extensive or fails to reasonably describe the records, please contact me in writing or by phone at (315) 412-1992 or by email at jmcmahon@syracuse.com

If there are any fees for copying the records requested, please supply the records without informing me if the fees are not in excess of $10.00.

As you know, the Freedom of Information Law requires that an agency respond to a request within five business days of receipt of a request. Therefore, I would appreciate a response as soon as possible and look forward to hearing from you shortly. If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide the name and address of the person or body to whom an appeal should be directed.

Sincerely,

Reporter, The Post-Standard
Advance Media New York
220 South Warren Street
Syracuse, N.Y. 13202

# Julie McMahon

| | |
|---|---|
| **From:** | Hart,Julie <hartj@sunyocc.edu> |
| **Sent:** | 10/6/2017 9:29 AM |
| **To:** | Julie McMahon |
| **Subject:** | RE: FOIA request |
| **Attachments:** | Post Standard FOIA Request 10-6-17.pdf |

Ms. McMahon,

I am writing in response to your October 3, 2017 FOIA request. This request has been granted in part and denied in part.

The denial is based on the fact that there are no existing records relating to a settlement between Onondaga Community College and David Pasiak, nor are there any board meeting minutes or agendas where the lawsuit was discussed.

Attached are payroll records of payments made to David Pasiak in 2017 per your request.

If you wish to appeal the denial, you may do so by submitting a written appeal within thirty (30) days to:

*Dr. Casey Crabill, President*
*Onondaga Community College*
*4585 W. Seneca Turnpike*
*Syracuse, NY 13215*

Julie A. Hart
Assistant to the President
Onondaga Community College
4585 W. Seneca Turnpike
Syracuse, NY 13215
315-498-2214

---

**From:** Julie McMahon [mailto:jmcmahon@Syracuse.com]
**Sent:** Tuesday, October 03, 2017 2:08 PM
**To:** Hart,Julie <hartj@sunyocc.edu>
**Subject:** FOIA request

Hi Ms. Hart,

Please see the attached FOIA request. As you know, the Freedom of Information Law requires that an agency respond to a request within five business days of receipt. Please don't hesitate to contact me at (315) 412-1992 or jmcmahon@syracuse.com.

Thanks very much,
Julie

**Julie McMahon**
Public Affairs Reporter

**mobile** 315-412-1992

1



SYRACUSE NY 130
06 JAN 2018 PM 4 L

U.S. District Court Clerks
U.S. District Court, Northern District of NY
15 Henry St.
Binghamton, NY 13901

13901-278199

U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK
JAN - 8 2018
RECEIVED

Julie McMahon
ADVANCE
MEDIA ▼ NEW YORK
syracuse.com | THE POST-STANDARD
NYup.com
220 South Warren Street
Syracuse NY 13202