

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

**BRIAN J. BUTLER**
bbutler@bsk.com
P: 315.218.8160

January 29, 2018

**VIA ELECTRONIC FILING**

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
U.S. District Court, Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York  13261-7346

Re:   *Pasiak v. Onondaga Community College, et al.*
         Civil Action No. 6:16-cv-1376 (TJM/TWD)

Dear Magistrate Judge Dancks:

We represent the defendants in the above referenced action. We are writing in response to the "Letter Motion" filed by non-party Julie McMahon of The Post Standard and Syracuse.com to reconsider the Confidentiality Stipulation and Order which was entered into by all parties and signed by the Court and filed on December 11, 2017 (Docket # 30) (the "Stipulation and Order").

As the Court is aware, this Court has the authority to issue orders prohibiting disclosure of documents and information relating to settlement. *See United States v. Glens Falls Newspapers*, 160 F.3d 853 (2d Cir. 1998) (case involving the Freedom of Information Law ["FOIL"]); *FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982) (case involving the Freedom of Information Act ["FOIA"]). "Once a confidentiality order has been entered and relied upon, it can only be modified if an 'extraordinary circumstance' or 'compelling need' warrants the requested modification." *Ernst & Ernst*, 677 F.2d at 232.

As set forth in the Stipulation and Order, maintaining confidentiality of the settlement discussions, documents prepared in aid of settlement, drafts of agreements and the agreements themselves were integral to the resolution and settlement of this action. Accordingly, good cause existed for the entry of the Stipulation and Order and the Court had the authority to enter the Stipulation and Order. All parties relied on the Stipulation and Order in entering into the mutually satisfactory resolution of this matter.

Contrary to the comments by Ms. McMahon, settlement negotiations and agreements are considered confidential and private (N.D.N.Y. Local Rule 83.8[m]). They are not open judicial proceedings. Furthermore, the Stipulation and Order does not create a "dangerous precedent" because, in this case, it was integral to the Article III function of the Court to "protect the public interest, as well as the interests of the parties, by encouraging the most fair and efficient resolution." *Glens Falls Newspapers*, 160 F.3d at 857.

3089661.1

Hon. Thérèse Wiley Dancks
January 29, 2018
Page 2

As such, the defendants object to the request to reconsider and rescind the Stipulation and Order.

Thank you for your attention to this matter.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Brian J. Butler

cc:   Merritt S. Locke, Esq.

3089661.1